UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE VERA, | * | CIVIL ACTION NO. 14-147 |
| individually and on behalf of others | * | |
| similarly situated, | * | SECTION "F" |
| Plaintiff | * | JUDGE MARTIN L. C. FELDMAN |
| | * | |
| v. | * | MAG. DIV. (1) |
| | * | MAGISTRATE JUDGE SALLY |
| KIRKENDOLL MANAGEMENT, LLC, | * | SHUSHAN |
| Defendant | * | |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Kirkendoll Management, LLC, ("Kirkendoll"), and, in response to the allegations in the First Amended Collective Action Complaint (R. Doc. 21), responds as follows:

### FIRST AFFIRMATIVE OFFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims, including claims brought on behalf of persons allegedly "similarly situated" to plaintiffs, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not employees under the Fair Labor Standards Act, (the "FLSA"), 29 U.S.C. §201, *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' allegations are barred by the doctrines of waiver, laches, estoppel and unclean hands.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the plaintiffs' own conduct and decisions.

SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' claims and the claims of the putative collective action class members. This matter should be stayed pending arbitration.

SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' claims and/or the putative collective action claims are subject to arbitration, this Court lacks subject matter jurisdiction and/or the claims should be stayed pending arbitration. Alternatively, defendant states that such claims are premature.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because plaintiffs failed to mitigate any of their alleged damages asserted in the complaint.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements to maintain a collective action under the FLSA, because other individuals are not similarly situated for purposes of the FLSA with respect to the matters alleged in the complaint.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs lacks standing to bring the proposed collective action under the Fair Labor Standards Act. Further, to the extent any claim is subject to arbitration, a collective proceeding is precluded as a matter of federal law and is further precluded by contract.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not willfully violate any provisions of the FLSA with respect to plaintiffs or any persons allegedly "similarly situated" to plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

In the alternative, defendant avers that it has acted at all times in conformity with applicable federal laws and that its actions were reasonable and taken in good faith, with the belief that strict adherence to federal laws had been achieved and is being satisfied.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the putative claims of others are subject to set-off and/or indemnification.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including claims brought on behalf of persons allegedly "similarly situated" to plaintiffs, are barred, in whole or in part, to the extent the claims include time that is not compensable under the FLSA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including claims brought on behalf of persons allegedly "similarly situated" to plaintiffs, are barred, in whole or in part, by the *de minimis* doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including claims brought on behalf of persons allegedly "similarly situated" to plaintiffs, are barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that plaintiffs, any putative collective action member, or any other putative beneficiary of this action have asserted in any prior legal or administrative proceeding that they were entitled to the same relief as that asserted in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements to maintain a collective action under the FLSA, because plaintiffs' claims are not typical of the claims of the putative class members.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements to maintain a collective action under the FLSA, because plaintiffs are not an adequate representative of the putative class.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' collective action claims, including claims brought on behalf of persons allegedly "similarly situated" to plaintiffs, are waived.

### TWENTIETH AFFIRMATIVE DEFENSE

Venue is improper for plaintiffs' claims, as well as the claims of any putative collective action class members.

AND NOW responding to the specific allegations in the complaint, defendant states as follows:

1.

The allegations contained in paragraph 1 are argumentative, conclusory, and denied as stated.

2.

The allegations contained in paragraph 2 are argumentative, conclusory, and denied as stated.

3.

The allegations contained in paragraph 3 are argumentative, conclusory, and denied as stated.

4.

The allegations contained in paragraph 4 are argumentative, conclusory, and denied as stated.

5.

The allegations contained in paragraph 5 are argumentative, conclusory, and denied as stated.

6.

The allegations in paragraph 6 state legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

7.

The allegations in paragraph 7 state legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

8.

The allegations in paragraph 8 state purported legal conclusions that do not require a response, but to the extent a response is deemed appropriate, the allegations are denied.

9.

The allegations contained in paragraph 9 of the complaint are denied for lack of sufficient information to justify a belief therein with respect to plaintiff's residence and citizenship in Henderson, Nevada; the allegations are admitted regarding the time period during which plaintiff Vera served as an independent contractor and/or lessee in Baton Rouge; all remaining allegations are denied.

10.

The allegations contained in paragraph 10 of the complaint reference a document filed by plaintiffs into the record and do not require a response.

11.

The allegations contained in paragraph 11 of the complaint are denied for lack of sufficient information to justify a belief therein with respect to plaintiff's residence and citizenship in Hattiesburg, Mississippi; the allegation that plaintiff Young was an independent contractor and/or lessee in New Orleans is admitted; the alleged time period is denied as stated; all remaining allegations are denied.

12.

The allegations contained in paragraph 12 of the complaint reference a document filed by plaintiffs into the record and do not require a response.

13.

The allegations contained in paragraph 13 of the complaint regarding defendant's corporate information are denied as stated; all remaining allegations are denied.

14.

The allegations contained in paragraph 14 of the complaint are denied as stated.

15.

The allegations contained in paragraph 15 of the complaint are denied at stated.

16.

The allegations contained in paragraph 16 of the complaint are denied.

17.

The allegations contained in paragraph 17 of the complaint are denied.

18.

The allegations contained in paragraph 18 of the complaint state legal conclusions which do not require a response; to the extent a response is required, the allegations are denied.

19.

The allegations contained in paragraph 19 of the complaint contain legal conclusions which do not require a response; to the extent a response is required, the allegations are denied.

20.

The allegations contained in paragraph 20 of the complaint are denied.

21.

The allegations contained in paragraph 21 of the complaint are denied.

22.

The allegations contained in paragraph 22 of the complaint are denied as stated.

23.

The allegations contained in paragraph 23 of the complaint are denied.

24.

The allegations contained in paragraph 24 of the complaint are denied as stated.

25.

The allegations contained in paragraph 25 of the complaint are denied as stated.

26.

The allegations contained in paragraph 26 of the complaint are denied as stated.

27.

The allegations contained in paragraph 27 of the complaint are denied as stated.

28.

The allegations contained in paragraph 28 of the complaint are denied as stated.

29.

The allegations contained in paragraph 29 of the complaint are denied as stated.

30.

The allegations contained in paragraph 30 of the complaint are denied as stated.

31.

The allegations contained in paragraph 31 of the complaint contain legal conclusions which do not require a response; to the extent a response is required the allegations are denied as stated.

32.

The allegations contained in paragraph 32 of the complaint are denied.

33.

The allegations contained in paragraph 33 of the complaint are denied as stated.

34.

The allegations contained in paragraph 34 of the complaint are denied as stated.

35.

The allegations contained in paragraph 35 of the complaint are denied as stated.

36.

The allegations contained in paragraph 36 of the complaint are denied as stated.

37.

The allegations contained in paragraph 37 of the complaint contain legal conclusions which do not warrant a response, but to the extent a response is required, the allegations are denied.

38.

The allegations contained in paragraph 38 of the complaint are denied as stated.

39.

The allegations contained in paragraph 39 of the complaint are denied as stated.

40.

The allegations contained in paragraph 40 of the complaint are denied as stated.

41.

The allegations contained in paragraph 41 of the complaint are denied as stated.

42.

The allegations contained in paragraph 42 of the complaint are denied as stated.

43.

The allegations contained in paragraph 43 of the complaint are denied as stated.

44.

The allegations contained in paragraph 44 of the complaint are denied as stated.

45.

The allegations contained in paragraph 45 of the complaint are denied as stated.

46.

The allegations contained in paragraph 46 of the complaint are denied as stated.

47.

The allegations in paragraph 47 of the complaint contain legal arguments which do not require a response; to the extent a response is required, the allegations are denied as stated.

48.

The allegations contained in paragraph 48 of the complaint are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in paragraph 49 of the complaint are denied as stated.

50.

The allegations contained in paragraph 50 of the complaint are denied for sufficient information to justify a belief therein with regard to what discovery will or will not enable plaintiffs to state; all remaining allegations are purported legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

51.

The allegations contained in paragraph 51 of the complaint state purported legal conclusions which do not require a response; to the extent a response is required, the allegations are denied.

52.

The allegations contained in paragraph 52 of the complaint state purported legal conclusions which do not require a response; to the extent a response is required, the allegations are denied.

53.

The allegations contained in paragraph 53 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

54.

The allegations contained in paragraph 54 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

55.

The allegations contained in paragraph 55 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

56.

The allegations contained in paragraph 56 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

57.

The allegations contained in paragraph 57 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

58.

The allegations in paragraph 58 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

59.

The allegations in paragraph 59 of the complaint state purported legal conclusions and do not require a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

60.

The allegations in paragraph 60 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

61.

The allegations in paragraph 61 of the complaint do not warrant a response, but to the extent a response is deemed appropriate, the allegations of reference to other paragraphs in this complaint are denied.

62.

The allegations in paragraph 62 of the complaint are admitted.

63.

The allegations in paragraph 63 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

64.

The allegations in paragraph 64 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

65.

The allegations in paragraph 65 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

66.

The allegations in paragraph 66 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

67.

The allegations in paragraph 67 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

68.

The allegations in paragraph 68 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

69.

The allegations in paragraph 69 of the complaint do not warrant a response, but to the extent a response is deemed appropriate, the allegations of reference to other paragraphs in this complaint are denied.

70.

The allegations in paragraph 70 of the complaint are admitted.

71.

The allegations in paragraph 71 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

72.

The allegations in paragraph 72 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

73.

The allegations in paragraph 73 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

74.

The allegations in paragraph 74 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

75.

The allegations in paragraph 75 of the complaint contain purported legal conclusions which do not warrant a response, but to the extent a response is deemed appropriate, the allegations in this paragraph are denied.

WHEREFORE, after due proceedings had, defendant Kirkendoll Management, LLC respectfully prays that judgment be entered against plaintiffs, dismissing plaintiffs' complaint, and rejecting plaintiffs' request for a collective action proceeding. In addition, defendant respectfully requests that the Court award defendant the attorney's fees, costs, and all expenses incurred by the defendant, together with any other relief that this Court deems just, proper, and equitable.

Respectfully submitted:

**PHELPS DUNBAR LLP**

By: /s/ *Harry Rosenberg*
Harry Rosenberg (Bar No. 11465)
Alexis Butler (Bar No. 32376)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
harry.rosenberg@phelps.com
lexy.butler@phelps.com
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

**ATTORNEYS FOR DEFENDANT,
KIRKENDOLL MANAGEMENT, LLC**

- 16 -

## **CERTIFICATE OF SERVICE**

      I certify that, on this 17th day of April, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                        /s/ *Harry Rosenberg*